## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ANTHONY FRANCHI, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NUMEREX CORP., STRATTON J. NICOLAIDES, TONY HOLCOMBE, SHERRIE G. MCAVOY, JERRY A. ROSE, ANDREW RYAN, ERIC SINGER, BRIAN R. IGOE, SIERRA WIRELESS, INC., and WIRELESS ACQUISITION SUB, INC.,<br><br>Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br><u>CLASS ACTION</u> |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.     This action stems from a proposed transaction announced on August 2, 2017 (the "Proposed Transaction"), pursuant to which Numerex Corp. ("Numerex" or the "Company") will be acquired by Sierra Wireless, Inc. ("Parent") and Wireless Acquisition Sub, Inc. ("Merger Sub," and together with Parent, "Sierra").

2.     On August 2, 2017, Numerex's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Sierra.  Pursuant to the terms of the Merger Agreement, if Numerex shareholders approve the Proposed Transaction, they will be entitled to receive 0.1800 common shares of Sierra for each share of Class A common stock of Numerex they own.

3.     On September 18, 2017, defendants filed a Form F-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in

connection with the Registration Statement.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.    This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.    Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Numerex common stock.

9.    Defendant Numerex is a Pennsylvania corporation and maintains its principal executive offices at 400 Interstate North Parkway SE, Suite 1350, Atlanta, Georgia 30339.    The Company's common stock is traded on the

NasdaqGS under the ticker symbol "NMRX."

10.    Defendant Stratton J. Nicolaides ("Nicolaides") is a director and co-founder of Numerex.

11.    Defendant Tony Holcombe ("Holcombe") is a director of Numerex.

12.    Defendant Sherrie G. McAvoy ("McAvoy") is a director of Numerex.

13.    Defendant Jerry A. Rose ("Rose") is a director of Numerex.

14.    Defendant Andrew Ryan ("Ryan") is a director of Numerex.

15.    Defendant Eric Singer ("Singer") is a director of Numerex.

16.    Defendant Brian R. Igoe ("Igoe") is a director of Numerex.

17.    The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18.    Defendant Parent is a Canadian corporation and a party to the Merger Agreement.

19.    Defendant Merger Sub is a Delaware corporation, a direct wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20.    Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Numerex (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity

related to or affiliated with any defendant.

21.     This action is properly maintainable as a class action.

22.     The Class is so numerous that joinder of all members is impracticable. As of August 7, 2017, there were approximately 19,675,128 shares of Numerex Class A common stock issued and outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23.     Questions of law and fact are common to the Class, including, among others, (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that

would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26.    Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company*

27.    Numerex is a single source, leading provider of managed enterprise solutions enabling the Internet of Things ("IoT").   The Company empowers enterprise operations with world-class, managed IoT solutions that are simple, innovative, scalable, and secure.  Numerex's core strategy is to generate long term and sustainable recurring revenue through a portfolio of managed, end-to-end IoT solutions which are generally sold on a subscription basis and built on its horizontal, integrated platform.   Numerex's solutions incorporate the key IoT building blocks — Device, Network, Application and Platform.  The Company's solutions also simplify the implementation and improve the speed to market for enterprise users in select, targeted verticals in the asset monitoring and optimization, asset tracking, and safety and security markets.

28.    The Company's technology encompasses a broad spectrum of the IoT ecosystem and delivers managed solutions for enterprise users which derive added value through device, network, application, and platform enablement.  Numerex's industry leading solutions combine over 20 years of expertise and experience through a modular, end-to-end platform infrastructure, and are already market proven with pre-packaged, hosted IoT vertical solutions that are being rapidly deployed by thousands of enterprises.  At the end of 2016, Numerex supported more than 1.7 million IoT subscriptions.

29.    Numerex's subscription-based vertical solutions and platform services, which are intended to generate streams of long-term, high-margin recurring revenues, are the cornerstone of the Company's business model. Numerex creates value by helping its customers implement IoT solutions through a single source.  The Company has put a strong emphasis on data security, including the use of authentication, encryption and virtual private network technologies to protect customer data.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

30.    Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

31.    The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

32.    First, the Registration Statement omits material information regarding the Company's financial projections, Sierra's financial projections, and the analyses performed by the Company's financial advisor, Deutsche Bank Securities Inc. ("Deutsche Bank").

33.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

34.    The Registration Statement currently only discloses Numerex's financial projections of total revenue, EBITDA, and adjusted EBITDA for years 2017 through 2019. Defendants, however, failed to provide stockholders with the necessary line item projections for the metrics used to calculate the Company's

non-GAAP (generally accepted accounting principles) measures, including EBITDA and adjusted EBITDA, or otherwise reconcile the non-GAAP projections to the most comparable GAAP measures.

35.    To avoid misleading stockholders with non-GAAP financial measures in business combinations such as the Proposed Transaction, publicly traded companies must provide a reconciliation of the differences between the non-GAAP financial measures with the most comparable financial measures calculated and presented in accordance with GAAP.  Indeed, in Numerex's most recent quarterly report filed on Form 10-Q, Numerex disclosed the necessary reconciliation of non-GAAP measures, including EBITDA and adjusted EBITDA.  As such, stockholders are entitled to the line item projections used to calculate the Company's non-GAAP projections or a reconciliation of the non-GAAP projections to the most comparable GAAP measures.

36.    Further, the Registration Statement fails to disclose important projections that were relied upon by Deutsche Bank in performing its valuation analyses.  Specifically, in performing its Discounted Cash Flow Analyses of Numerex and Sierra, Deutsche Bank used Numerex's and Sierra's projections of unlevered free cash flows for years 2017 through 2021, but the Registration

Statement completely fails to disclose these projections, as well as their line items, to stockholders.

37.    The Registration Statement, moreover, fails to disclose Numerex's projections of total revenue, EBITDA, and adjusted EBITDA, as well as their line items, for years 2020 through 2021.

38.    The Registration Statement also fails to disclose any financial projections of Sierra, despite the fact that Deutsche Bank relied on projections of Sierra to perform its valuation analyses to support its opinion that the merger consideration is fair to Numerex's stockholders.

39.    Finally, the Registration Statement indicates that representatives of Numerex and Sierra discussed the anticipated synergies of a combination between the two companies during the sales process, but the Registration Statement fails to quantify and disclose the amount of synergies expected to be available as a result of the Proposed Transaction, which is important for stockholders to know in light of the fact that the projections relied upon by Deutsche Bank in its valuation analyses did not incorporate any value attributable to synergies.

40.    With respect to Deutsche Bank's Numerex and Relative Discounted Cash Flow Analyses, the Registration Statement fails to disclose: (i) Numerex's and Sierra's unlevered free cash flows for years 2017 through 2021, as well as their

constituent line items, as used by Deutsche Bank in its analyses; (ii) the actual inputs and assumptions underlying the discount rate ranges selected by Deutsche Bank in its analyses; and (iii) the exit multiples implied by Deutsche Bank's analyses.

41.    The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Opinion of Numerex's Financial Advisor;" and (ii) "Numerex Unaudited Prospective Financial Information."

42.    Second, the Registration Statement omits material information relating to the background leading to the Registration Transaction.

43.    The Registration Statement indicates that, during the sale process, the Company entered into non-disclosure agreements with six parties, but the Registration Statement fails to disclose whether those non-disclosure agreements contain standstill and/or "don't ask, don't waive" provisions that are currently preventing those parties from submitting, or even requesting to submit, a higher offer to acquire the Company.  Notably, it is likely that such provisions do exist in light of the fact that the Board agreed to a no-solicitation provision in the Merger Agreement that contains the following provision: "From and after the date hereof, the Company shall, and shall cause the Company Subsidiaries to, enforce (and

shall not, nor permit any Company Subsidiary to, waive, amend, terminate, modify or fail to enforce) any provision of any 'standstill' or similar obligation of any Person, including the provisions of any confidentiality or non-disclosure agreements entered into in connection with or applicable to an Acquisition Proposal, to which the Company or any Company Subsidiary is a party."

44.    It is important for stockholders to understand whether the Board has contractually prohibited other interested bidders—some of which have submitted higher acquisition offers than the merger consideration at one point—from submitting a topping bid for the Company. Without this information, stockholders may have the mistaken belief that, if the interested parties that entered into non-disclosure agreements with Numerex wanted to come forward with a superior offer, they would be permitted to do so, when in fact they may be contractually prohibited from doing so.

45.    The omission of this material information renders the "Background of the Merger" section of the Registration Statement false and misleading.

46.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Numerex's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9
Promulgated Thereunder Against the Individual Defendants and Numerex**

47.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48.    The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Numerex is liable as the issuer of these statements.

49.    The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

50.    The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

51.    The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a

reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

52.    The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

53.    By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

54.    Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Sierra

55.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56.    The Individual Defendants and Sierra acted as controlling persons of Numerex within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Numerex and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or

indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

57.     Each of the Individual Defendants and Sierra was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

58.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

59.     Sierra also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

60.     By virtue of the foregoing, the Individual Defendants and Sierra violated Section 20(a) of the 1934 Act.

61.    As set forth above, the Individual Defendants and Sierra had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.   By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.   As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.    Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

16

D.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: October 9, 2017

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Brian D. Long
Gina M. Serra
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Tel.: (302) 295-5310
Fax: (302) 654-7530

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Tel.: (484) 324-6800
Fax: (484) 631-1305

**WEISSLAW LLP**

By:    */s/Michael A. Rogovin*
Michael A. Rogovin
Georgia Bar No. 780075
476 Hardendorf Ave. NE
Atlanta, GA 30307
Tel.: (212) 682-3025
Fax: (212) 682-3010
mrogovin@weisslawllp.com

*Attorneys for Plaintiff*